UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Zafar Sheikh

                Plaintiff,

v.                                              Case No.: 1:24–cv–00658
                                              Honorable Martha M. Pacold

Bashir Chaudry, et al.

                Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, July 19, 2024:

      MINUTE entry before the Honorable Martha M. Pacold: Plaintiff's motion to permit plaintiff to serve defendant Hasan Safiuddin by alternative means, [93] is granted. Rule 4(e)(1) permits an individual to be served by following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made. This court is located in Illinois, and service on Hasan Safiuddin is to be made in the state of Illinois. Illinois law permits service on individuals in a manner similar to the methods permitted by Rule 4(e). See Fed R. Civ. P. 4(e)(2) (permitting service by (A) delivering a copy of the summons and of the complaint to the individual personally, or (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there); 735 ILCS 5/2–203(a). Illinois law also permits personal service on an individual by alternative means if service is "impractical" by the ordinarily prescribed means. See 735 ILCS 5/2–203.1. In such a case, the court may direct that service be made "in any manner consistent with due process." Id. Plaintiff's motion, affidavit, and exhibits establish that plaintiff has made several unsuccessful attempts to serve defendant Hasan Safiuddin at a residence wherein Safiuddin resides, according to documents recently filed with the office of the Illinois Secretary of State. Plaintiff has also unsuccessfully attempted service at a business address that plaintiff believes to be associated with Safiuddin. Based on plaintiff's submissions, the court concludes that service by ordinary means is impractical. See 735 ILCS 5/2–203.1. The court directs that plaintiff shall serve Defendant Hasan Safiuddin by (1) delivering a summons and complaint to Defendant's current residential address, 1635 Palomino Drive, Aurora, IL 60502, by private carrier (e.g., United Parcel Service or FedEx Corporation), bearing the legend "personal and confidential," and (2) leaving a copy of the summons and complaint at that residential address with someone of suitable age and discretion who resides there. Plaintiff should track the mailed copy to ensure that it is delivered to the associated address, but plaintiff need not obtain a certification that Hasan Safiuddin personally received the mail. Plaintiff should also include a copy of this order with each of the served copies of the summons and complaint. If plaintiff follows the above instructions, plaintiff will be deemed to have served Safiuddin even if the occupants of the residential address refuse to accept the documents. Plaintiff shall file a certificate of service on the docket when service by these means has been accomplished. For the reasons stated above, under Federal Rule of Civil

Procedure 4(m), the court finds that good cause exists to extend the time for plaintiff to effect service until 8/2/24. (rao, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.