UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.1)
Eastern Division

Zafar Sheikh
                    Plaintiff,

v.                                         Case No.: 1:24–cv–00658
                                                  Honorable Martha M. Pacold

Bashir Chaudry, et al.
                    Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Wednesday, December 18, 2024:

      MINUTE entry before the Honorable Martha M. Pacold: The court has received plaintiff's motion for reconsideration, [110], is denied. "While motions to reconsider are permitted... they are disfavored." Patrick v. City of Chicago, 103 F. Supp. 3d 907, 911 (N.D. Ill. 2015). They "are utilized for very limited purposes: to correct manifest errors of law or fact, present newly discovered evidence, or to address an intervening and substantial change in the controlling law occurring after the submission of the issues to the court." United States v. Linder, No. 12 CR 22, 2013 WL 505214, at *2 (N.D. Ill. Feb. 12, 2013). Plaintiff has not submitted any newly discovered evidence or pointed the court to an intervening change in law. Thus, he can prevail only if he demonstrates that the court made a manifest error of law or fact. "A manifest error of law or fact under this standard occurs when a district court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension.'" Patrick, 103 F. Supp. 3d at 912 (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)). Plaintiff has not met that standard here. Instead, he argues only that the court's prior decisions were wrong. Accordingly, the motion for reconsideration, [110], is denied. However, the court takes the opportunity to clarify its previous minute entry granting the motions to dismiss, [109]. Although some language in the minute entry could reasonably be interpreted otherwise, the order was not intended to dismiss plaintiff's claims against defendants who were not party to any of the three motions to dismiss, [58], [60], [61]. Those claims remain part of this case. Additionally, as noted in the previous minute entry, plaintiff may file a second amended complaint realleging his previous claims with greater specificity. On its own motion and to account for the time required to decide plaintiff's motion for reconsideration, the court extends plaintiff's deadline to file a second amended complaint to 1/10/2025. If plaintiff does not file a second amended complaint, his claims against the defendants who were party to the motions to dismiss, [58], [60], [61], will be dismissed with prejudice. Mailed notice (cc, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.