**N THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Zafar Sheikh | ) | |
| | ) | Case No.   24 C 658 |
| | ) | |
| v. | ) | Hon. Martha M. Pacold |
| | ) | |
| Bashir Chaudry, et al. | ) | |

## ORDER

The motion of defendants Junaid Ahmed and Congress & Pulaski Real Estate LLC to dismiss, [120], [121], which defendants Amjad Chaudry, Rabia Chaudry, Syed Jahantab, Qadir's LLC, Shamaila Rafiq, and South Chicago One Inc. joined, [141], is denied. So far as the court can tell, the motion makes three arguments. First, defendants argue that the second amended complaint is sufficiently identical to the first amended complaint that it must be dismissed for the same reasons. The court dismissed the first amended complaint for failure to identify the "when" of the alleged fraudulent transfers. [109]. However, the second amended complaint adds approximate dates in several locations. *E.g.*, [113] ¶ 61. Thus, the court's holding regarding the first amended complaint is not squarely applicable to the second amended complaint, which must be assessed in its own right. Because defendants' motion does not discuss whether the second amended complaint (as distinguished from the first) adequately specifies the "when" of the alleged fraudulent transfers, any argument to that effect is forfeited for purposes of the motion to dismiss. Second, defendants argue that Counts VII and VIII should be dismissed because they allege only the transfer of the note, not the gas station. However, the complaint alleges that the transfer of the gas station was disguised as the transfer of the note, not that the transfer of the note occurred without the transfer of the gas station. At the pleading stage, the court must "assume the truth of the facts alleged in the operative complaint." *DeVillier v. Texas*, 601 U.S. 285, 292 n.2 (2024). Thus, this argument is not persuasive. The final argument in the motion is not entirely clear. However, it appears to be an argument that the facts alleged in support of some claims in the complaint are inconsistent with the facts alleged in support of other claims. However, that is not a basis for dismissal. "A party may state as many separate claims . . . as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Accordingly, the motion to dismiss, [120], [121], is denied. Defendants shall answer by 5/13/2025.

Date: April 23, 2025                                    /s/ Martha M. Pacold