**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ZAFAR SHEIKH,** | **)** | |
| **Plaintiff,** | **)** | |
| | **)** | |
| | **)** | **No. 24 C 658** |
| **v.** | **)** | |
| | **)** | **Magistrate Judge** |
| **BASHIR CHAUDRY, et al.,** | **)** | **Daniel P. McLaughlin** |
| **Defendants.** | **)** | |
| | **)** | |
| | **)** | |

## ORDER

For the following reasons, Plaintiff's Motion to Compel [201] is granted in part and denied in part.

## LEGAL STANDARD

Parties are allowed broad discovery to investigate facts and clarify issues. *Grayson v. City of Aurora*, 13C1705, 2013 WL 6697769, at * 2 (N.D. Ill. Dec. 19, 2013) (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevance focuses on the claims and defenses in the case, not its general subject matter." *Motorola Sols., Inc. v. Hytera Communications Corp.*, 365 F. Supp. 3d 916, 924 (N.D. Ill. 2019).

Further, under Federal Rule of Civil Procedure 37, a party may file a motion to compel when another party provides an insufficient response to a discovery request. Fed. R. Civ. P. 37(a). Additionally, under Local Rule 37.2, the movant must

show that counsel consulted over the dispute and attempted to reach an agreement.[1] LR 37.2. Once this has been shown, "[d]istrict courts enjoy broad discretion when considering motions to compel..." *Martinez v. Cook County*, 11C1794, 2012 WL 6186601, at * 2 (N.D. Ill. Dec. 12, 2012) (citations and quotations omitted).

**DISCUSSION**

Plaintiff brings this Motion asking the Court to compel the production of documents for every "request for production" sent to Defendants, and also asking the Court to compel the provision of "non-evasive and truthful responses" to every interrogatory sent to Defendants. [201], p. 1, 10-11. In other words, Plaintiff disputes the sufficiency of every production and every interrogatory response by Defendants.

At the outset, the Court must address the unreasonableness of this request. As other judges in this district have recognized, when a party brings such a large number of discovery requests to the Court for resolution, it suggests to the Court a lack of actual "good faith" in the Local Rule 37.2 discussions that occurred prior to filing the motion. *Garrard v. Rust-Oleum Corp.*, 20C00612, 2023 WL 1475164, at *1 (N.D. Ill. Feb. 2, 2023) ("The fact that they have left disputes over *thirty* discovery requests for the court to resolve further undermines any claims they might have of negotiating in good faith."). The fact that Plaintiff argues that *every* document production and interrogatory response is insufficient suggests to the court that Plaintiff has employed a "my way or the highway" mindset to Local Rule 37.2 discussions, making

[1] Plaintiff explains his Local Rule 37.2 compliance in his Motion, which the Court finds to be adequate compliance with the Rule. [201], p. 5-7.

the Court inclined to deny this Motion outright for its apparent lack of good faith discussion. *Chicago Reg. Council of Carpenters Pension Fund v. Celtic Floor Covering, Inc.*, 316 F.Supp.3d 1044, 1046 (N.D. Ill. 2018) ("An ultimatum on one side, met with steadfast defiance on the other, is not a good faith discussion."). However, in the interest of judicial economy, the Court will exercise its discretion and continue to evaluate the Motion. Plaintiff is warned, however, that future Motions which do not demonstrate actual good faith discussions with opposing counsel will be denied altogether. Plaintiff should be cognizant that "Local Rule 37.2 is about compromise, and it is the nature of a compromise [that] [n]either side gets everything it wants…." *Dale v. Deutsche Telekom AG*, No. 22 C 3189, 2024 U.S. Dist. LEXIS 181384, at *8 (N.D. Ill. Oct. 4, 2024).

**A. Requests for Production**

Plaintiff's Motion sets forth no specific arguments as to the relevance of each Request for Production, nor does it set forth particular arguments identifying the deficiencies in specific productions. While the Court understands that Plaintiff is pro se and does not have the same resources as legal counsel, it is still Plaintiff's responsibility to put forth arguments as to the relevance of each request and the specific deficiencies alleged in the document productions. Blanket claims that every Request for Production seeks documents that are relevant, or that every production made by Defendants is deficient, are not sufficient bases for the Court to compel Defendants to make more productions.[2] Plaintiff is cautioned that just because he

[2] While Plaintiff does generally allude to some of the specific documents he seeks in his section on his meet and confer efforts, he does not explain to the Court which Requests for Production he believes

"[i]nsist[s] that there are 50 or 60 stones to be looked under, does not mean [he] get[s] to look under every one of them…." *Dale*, 2024 U.S. Dist. LEXIS 181384, at *7. In other words, Plaintiff's desire for a document does not inherently make that document relevant or its production proportional to the needs of this case; Plaintiff must still make an argument as to the document's relevance as it relates to the claims and defenses in the case, and an argument as to the proportionality of the production. Similarly, if Plaintiff is going to claim that a production by Defendants is deficient, Plaintiff must specify for the Court *why* it is deficient, rather than simply asserting that it is. Accordingly, Plaintiff's Motion is denied as to the Requests for Production.[3]

**B. Interrogatories**

Plaintiff's Motion argues that all of Defendants' interrogatory answers are insufficient. As explained in previous parts of this Order, this position is patently unreasonable and demonstrates to the Court a lack of true "good faith" conferral with the opposing parties—an error for which the Court could deny the Motion outright. However, Plaintiff's Motion does also argue that Defendants' responses are "[l]ittered by boilerplate objections," an argument which is specific and which therefore gives

those documents are responsive to, nor does he explain why the Requests for Production are relevant in the first instance. Plaintiff also fails to explain why any productions he has received in response are specifically deficient. [201], p. 6 (Plaintiff stating he "emphasized the importance of getting copies of closing statements and checks that were paid by the debtor's daughter to purchase a single family home at 7001 N Keeler Avenue in Lincolnwood" but failing to articulate the relevance of these documents for the Court).

[3] The Court notes that Defendant Junaid Ahmad submitted a late response to Plaintiff's Motion clarifying that defense counsel still has to "[i]nvestigate and obtain all available wire transfer documentation and related payment records." [212], p. 6. The Court adopts Defendant Junaid Ahmad's proposal as to this specific production; defense counsel must complete the investigation and production of all available wire transfer document and related payment records by 2/27/26. If no such documentation exists, defense counsel must file a sworn declaration to that effect by 2/27/26 instead.

the Court some foundation for review. [201], p. 8. Although Plaintiff's Motion fails to go the additional necessary step of identifying for the Court *which* responses Plaintiff believes are impermissible boilerplate, the Court has nonetheless exercised its discretion and proceeded to review the responses for impermissible boilerplate language. Upon review, the Court finds that the Ahmad Defendants' interrogatory responses are detailed enough that the objections are sufficient, but that several of the Chaudry Defendants'[4] interrogatory responses are so unspecific that they constitute impermissible boilerplate. *Compare* [203], p. 47 ("Ahmad objects to this Request as not relevant to any claim or defense in this action pursuant to Federal Rule of Civil Procedure 26(b)(1). Ahmad's general business history regarding mortgage underwriting is not relevant to whether the purchase of this particular Note and financing and related loan documents constituted a fraudulent transfer…" *with* [202], p. 6 (stating "objection as to relevance" in response to Interrogatory 7).

In particular, the Court takes issue with the instances where the Chaudry Defendants respond to an interrogatory with the statement "[o]bjection as to relevance" with no further explanation as to the actual basis for the relevance objection as related to the specific interrogatory. Such responses are plainly insufficient in light of Rule 33(b)(4)'s requirement that "[g]rounds for objecting to an interrogatory must be stated with specificity." Fed. R. Civ. P. 33(b)(4). Ultimately,

[4] The Court groups the Defendants together by defense counsel; the "Ahmad Defendants" refer to those Defendants represented by Attorney Zac (being Junaid Ahmad and Congress & Pulaski Real Estate LLC), and the "Chaudry Defendants" refer to those Defendants represented by Attorney Garbis (being Ali Chaudry, Rabia Chaudry, Syed Jahantab, South Chicago One Inc., Amjad Chaudry, BCA Investments Inc., Qadir's LLC, and Shamaila Rafiq).

"[o]bjections to discovery that do not address the specific interrogatory or document request to which they are posed are tantamount to not making any objection at all." *Belcastro v. United Airlines, Inc.*, 17C1682, 2019 WL 1651709, at *4 (N.D. Ill. Apr. 17, 2019). Accordingly, the Chaudry Defendants are directed to redo all interrogatory responses where the response consists of the statement "objection as to relevance" with no further explanation.

**C. Miscellaneous Arguments by Plaintiff**

Finally, the Court addresses the miscellaneous arguments included in Plaintiff's Motion. Plaintiff includes an argument as to "possible" loss or destruction of evidence, and an argument that Defendants' "claim of privilege has no merit." [201], p. 9-10.

As to Plaintiff's argument about loss or destruction of evidence, Plaintiff asserts that this is a mere possibility and presents no evidence demonstrating that Defendants have lost or destroyed evidence. [201], p. 9 ("Though the defendants have so far refrained from stating that they may have not have the evidence in their possession since it has been lost or destroyed, but possibilities of such a scenario does exist."). The Court will not speculatively rule on an unsubstantiated possibility that evidence has been lost or destroyed and declines to consider this argument further.

Turning to Plaintiff's privilege argument, Plaintiff points out no specific instances of suspect privilege claims, meaning the Court is presented with no privilege claims for evaluation. Consequently, this argument is perfunctory, undeveloped, and therefore waived. *United States v. McGhee*, 98 F.4th 816, 825 (7th Cir. 2024) ("perfunctory and undeveloped" arguments are waived); *Hernandez v. Cook Cty.*

*Sheriff's Office*, 634 F.3d 906, 913 (7th Cir. 2011) ("It is well established in our precedents that 'skeletal' arguments may be properly treated as waived.").

## CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Compel [201] is granted in part and denied in part. The Chaudry Defendants have until 3/11/26 to redo all interrogatory responses where the response consists of the statement "objection as to relevance" with no further explanation. The Ahmad Defendants must complete the investigation and production of all available wire transfer documents and related payment records by 2/27/26; if no such documentation exists, the Ahmad Defendants must file a sworn declaration to that effect by 2/27/26 instead. The Motion is denied in all other respects.

**SO ORDERED.**

**DATE: February 18, 2026**

**ENTERED:**

**HON. DANIEL McLaughlin**
**United States Magistrate Judge**