BC

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

FILED EE
4/19/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| **Zafar Sheikh** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 1:24-cv-00658** |
| | ) | |
| **Bashir Chaudry, Bushra Naseer, Junaid** | ) | |
| | ) | |
| **Ahmad, Ali Chaudry, Rabia Chaudry,** | ) | **Hon. Judge Martha Pacold** |
| | ) | |
| **Shamaila Rafiq, Amjad Chaudry** | ) | |
| | ) | |
| **Syed Jahantab, South Chicago One Inc.** | ) | **Magistrate Judge** |
| | ) | **Mclaughlin** |

**RESPONSE TO SOUTHBOUND PROPERTIES / NUSRAT**

**MOTION TO QUASH**

NOW COMES THE PLAINTIFF and files this response in opposition to Southbound properties Motion to quash Subpoena that was issued by the Plaintiff on 3/19/2026. Plaintiff states as under:

1- On or about the 10th of March, 2026, Plaintiff learned that Nusrat Chaudry, despite repeated denials of his intent to sell the gas station at 7283 South Chicago Avenue in Chicago, secretly and fraudulently sold the gas station to INMA Properties LLC on **15th of January, 2026.** (Exhibit A). Though the price at which Nusrat Chaudhry sold this gas station is still unknown, the Cook County recorders' office shows a mortgage in favor of INMA on this gas station property for $1,500,000. (Exhibit B).

2- Plaintiff would point out that the debtor/defendant against whom a judgement of $1,535,000 is outstanding has been a partner and also owned and operated the said gas station along with an additional defendant in this case Shamaila Rafiq.

3- Upon learning of this fraudulent transfer, Plaintiff moved and asked the Clerk of the Northern District of Illinois to issue a Subpoena, which this Plaintiff had it served on Nusrat Chaudry and Southbound properties. Subpoena sought information and documents concerning the sale of this property in an effort to find out as to how much money it was sold for, and how much of it was paid to the debtor and defendant Bashir Chaudry and Rafiq upon the sale of this property. (Exhibit C: Subpoena).

4- Nusrat Chaudry and Southbound Properties had been parties to this litigation in the 1st amended complaint, but were not named as parties in the second amended complaint, as the Plaintiff made a strategic decision not to name them as parties unless more proof comes out of discovery and depositions.

5- Subpoena on Nusrat Chaudry was served via email on his attorney in this case Konstantine Sparagis on or about the 20th of March, 2026. (Exhibit C-1)

6- Subpoena on Southbound Properties was directed and served upon the registered agent of the Southbound Properties, Yakub Chaus at his offices at 3748 Oakton Avenue, Skokie, Illinois. Subpoena was served by one Raz Mohammed, who also resides in Skokie.

7- Plaintiff had mistakenly believed that he may also have sent a copy to the other parties in the case, but upon getting Attorney Konstantin's motion, realizing that he had not done so, immediately emailed the copies to the opposing counsels.

**SOUTHBOUND DID NOT COMPLY WITH RULE 37.2 AS IT FAILED TO 'MEET & CONFER' FOR OVER 18 DAYS AFTER GETTING THE SUBPOENA**

Southbound Properties and Chaudry's Motion to Quash should be denied outright as it failed to meet the standards set in Rule 37.2. For 18 days after getting the Subpoena, it sat on the Subpoena and made **absolutely no effort** to 'meet & confer' with the Plaintiff. The Local Rule 37.2 in pertinent part states as follows:

To curtail undue delay and expense in the administration of justice, this court shall refuse to hear any and all motions for discovery and production of documents under Rules 26 through 37 of the Federal Rules of Civil Procedure, unless the motion includes a statement (1) that after consultation **in person or by telephone** and good faith attempts to resolve differences they are unable to reach an accord, or (2) counsel's attempts to engage in such consultation were unsuccessful due to no fault of counsel's. Where the consultation occurred, this statement shall recite, in addition, the date, time and place of such conference, and the names of all parties participating therein. Where counsel was unsuccessful in engaging in such consultation, the statement shall recite the efforts made by counsel to engage in consultation.

8- Plaintiff emailed the subpoena to Konstantine on 4/20/2026 and asked that the documents be provided and produced by 4/13/2026. (Exhibit C).

9- After waiting for three days Konstantine on 4/23/2026 responded by saying that his client had been dismissed from the proceedings and further questioned as to why he was being served a subpoena, and that serving a subpoena on him is improper. (Exhibit D).

10- Konstantine further pointed out that he cannot accept service for Southbound Properties either, as he is not a registered agent for Southbound Properties and is not authorized to accept subpoena's on this entity's behalf. (Exhibit D).

11- In response Plaintiff told Konstantine in an email on 4/26/2026 that though his clients had been dismissed, Konstantine had not withdrawn his appearance and he still appears as the

attorney of record for Chaudhry. Plaintiff also notified Konstantine that service had been made on Southbound Properties, who registered agent of Southbound Properties, Yakub Chaus had been served with the process. (Exhibit E).

**12- For the next fifteen days Plaintiff did not receive any response from Konstntine to his email. No email, no letter, no attempt to reach him on phone either.**

13- On the 10th of April, eighteen days after Konstantine's last email of 4/23/2026, Plaintiff who was travelling on that day from Austin to Houston, upon reaching his destination checked his emails and found that Konstantine had sent him an email that day, asking to discuss the Subpoena. While scrolling down, in the same setting, Plaintiff also noticed that on the same day, after trying to reach the Plaintiff, Konstantine had filed a 'Motion to Quash' just hours after his email as described above. Clearly Konstantine's purpose was merely to fill in the blank so at least to claim that he had attempted to contact Plaintiff.

**14-** Ironically Konstantine's email that he shot Plaintiff hours before filing "Motion to Quash" stated: **I note that the court prefers in person meetings, but I am not sure how feasible that is for you. Let me know your availability to discuss and a good number to reach you. (Exhibit F).**

15- This sentence is as deceptive as it can be. For Konstantine to claim that he does not have Plaintiff's phone number by pretending 'let me know a good number to reach you' is outright false and deceptive. Konstantine and Plaintiff have been locking horns for at least three years, first in the supplemental proceedings in Cook County law division, and later at the Federal Court in this case, in which he represented both Southbound Properties and Chaudhry for another year and a half. Every pleading filed by the Plaintiff bears his phone number. Even the Subpoena, copies of which were emailed to Konstantine show Plaintiff's address and phone

number. For Konstantine to pretend in his email that he did not have a good number to reach the Plaintiff is patently false and demonstrably deceptive.

16- In addition Rule 37.2 Certificate filed by Konstantine is misleading, deceptive and includes multiple half-truths. Article 7 of Konstantine's so called certificate states: **To the extent the Court finds that any further detail is required, movants are prepared to supplement this certificate with the date, time, manner of conference and participants." (Exhibit G).** Plaintiff is at loss and fails to understand which conference or the date and time of such conference and the list of attendees in that conference, Konstantine is talking about. This certified statement is not only false but clearly delusional. Plaintiff **DID NOT** have any conference with Konstantine in person nor any Zoom meeting. Konstantine's Certifying about holding such a meeting, with a list of participants, with time and dates is clearly deceptive. In addition "Rule 37.2 Certificate" states that Konstantine is prepared to provide Court with this information, if Court asks for it.

17- In addition the Certificate filed by Konstantine is not Attested, as required by this Court in its standing order.

## **THIS COURT HAS STEADFASLY ENFORCED RULE 37.2 AND THERE IS NO REASON TO MAKE AN EXCEPTION FOR KONSTANTINE**

18- Ever since this Court was assigned to supervise discovery in this case, this Court has emphasized and indeed enforced Rule 37.2. Many of this Plaintiff's motions for sanctions, have been denied by the Court as court has emphasized on each occasion that the Plaintiff's motions do not comply nor satisfy the requirements of Rule 37.2. Court even advised the parties, that in lieu of meeting in person, they must confer over Zoom and also ordered that the parties should record the Zoom hearings, which it implied

could ask the parties to produce in case it needs to rule on a discovery dispute. Court's standing order, on its web page, under motion practice states as under:

> **The Court will not hear or consider any discovery motion unless the parties have complied with the meet and confer requirement under Local Rule 37.2.** Any discovery motion must state with specificity when and how the movant complied with Local Rule 37.2 by **separate certificate filed with the motion and attested to by the attorney.**
> Parties are reminded that compliance with Local Rule 37.2 requires a good faith effort to resolve discovery disputes through **communications and negotiations that take place in person or over the telephone.** The Court believes face to face communications regarding discovery disputes are the most effective way to resolve them and requires counsel for parties to meet in person unless it is impracticable to do so. Videoconferencing satisfies this requirement. The Rule 37.2 Certificate must state that this requirement has been met or why it cannot be met with particularity. The mere exchange of correspondence will not be sufficient to comply with Local Rule 37.2. Parties who fail to indicate that they have met in person to attempt to resolve their dispute risk having their motion stricken.

19- The very first sentence of the Court's standing order makes it clear that it will not consider any discovery motion unless the parties fully comply with 'meet and confer requirements of Rule 37.2. There are no Ifs or Buts.

20- Another question that the Court should ask Konstantine is, that why did he wait till the last day, 10th of April, 2026, 18 days after stating in his email that he does not represent Chaudhry, nor he is authorized to accept service on behalf of Southbound Properties as he was not their registered agent. Then after disassociating himself from any representation on behalf of either Chaudry or Southbound Properties, and just hours before filing his "Motion to Quash" Konstantine made his first and feeble attempt, that too in a confounding email asking for Plaintiff's phone number. Konstantin's conduct does not demonstrate good faith nor bona fide attempts to comply with Rule 37.2.

21- Courts look at sincere efforts on part of the litigants to resolve discovery disputes. Even lackluster attempts to reach out over phone are disregarded by Courts as not fully observant of Rule 37. In Motorola Solutions, Inc. v. Hytera Communications Corp., the court held that a single brief phone call—where one side simply asked for compliance and the other side refused—did not "pass muster" as a good-faith conference under the rule. (Motorola v. Hytera 436 F. Supp. 3d 1150 (N.D. Ill. 2020).

**KONSTANTINE'S CONTENTION THAT "ON INFORMATION AND BELIEF PLAINTIFF HIMSELF SERVED SUBPOENA" IS A FABRICATION**

22- Konstantine does not stop there and represents in his 'Motion to Quash' that "on information and belief Plaintiff himself served the Subpoena". This statement is a complete fabrication. Plaintiff did not serve the Subpoena and hired another individual to serve the Subpoena, who is barely half his age and bears a different nationality. Nobody in his right mind could misperceive to conflate such diversity with his eyes.

**KONSTANTINE IS ENGAGED IN GOSSIP MORE SUITABLE FOR TABLOIDS**

23- Clearly Konstantine is engaged in gossip which is more suitable for tabloids, and is not fit to be filed in the U.S. District Courts. Attorneys, as officers of the court, have a strict duty of candor and must ensure that every motion and filing is truthful, accurate, and supported by a reasonable factual and legal basis. A lawyer should never include statements that are speculative, unverified, or not firmly established, because filing papers with the court is not a place for guesswork or exaggeration. If an attorney is not fully confident in a factual assertion, the safer and more professional course is to investigate further or omit it entirely, since the integrity of the judicial process depends on honesty and careful preparation. This principle is consistent with the duty of candor

recognized in professional conduct rules and the certification required when presenting written motions to the court.

**24-** Konstantine's representation, obviously false, is so outrageous that Plaintiff is indeed agitated. Plaintiff calls on the Court to order Konstantine to identify and present that individual in Court, who fabricated this story, so he could be questioned as to the authenticity of such truth or falsehood, or else Konstantine concedes that it is a purely his own concoction.

**<u>PLAINTIFF IS SEEKING RELEVANT DOCUMENTS ABOUT SALE OF THE GAS STATION IN WHICH DEBTOR IS A PART OWNER</u>**

25- Plaintiff is seeking sales records of the gas station in which two defendants Chaudry and Shmaiala Rafiq are partners. It was brought to the Plaintiff's attention that about two months ago, the gas station at 7283 S. Chicago Avenue had been sold by Southbound properties. It is believed that the gas station was sold for over two million dollars as the mortgage signed by the new owners, INAM LLC is $1,500,000 (Exhibit B).

26- Plaintiff is asking for closing statements, copies of checks or wire transfers received for the sale, checks or electronic transfer of payments made to defendant Rafiq and debtor Chaudry upon final settlement upon the sale and transfer of the gas station.

27- The documents are not 20-30 years old as falsely represented by Southbound Properties, as the 7283 S. Chicago gas station was fraudulently transferred just few months ago in January of 2026. Documents requested are relevant to the allegations of Plaintiff's fraudulent transfer claims and seeks amounts fraudulently transferred to the debtor/defendant Bashir Chaudry and defendant Rafiq.

28- Documents sought in the subpoena are not excessive nor cumbersome as Plaintiff is only seeking relevant documents about closing and the checks written by Nusrat Chaudry or Southbound properties to the debtor defendant Bashir Chaudry and Rafiq.

29- Motion to quash should also be denied as the motion by Southland and Nusrat Chaudry is untimely. Rule 45(d)(2) specifies that any objections to the production of documents or to quash a subpoena must be filed within 14 days after being served. Records show that the service on Southbound Properties was made on 3/24/26 and Service on Chaudry was made on 3/20/26. Whereas motion to quash was filed on 4/10/26, days after 14 days time window in which the movant was supposed to file their objections.

30- In addition Plaintiff would like to point that the documents being requested are not burdensome, (FRCP 45 (d)(3). Documents being sought are not privileged or protected matter nor are they related to any commercial, trade or research secret.

31- Further, relevancy of the documents being asked to produce is to be construed broadly to encompass any matter that bears on or which could reasonably lead to other matters that can bear on any party's claim or defense. Openheimer fund Inc. v. Sanders 437 U.S. 340, 351 (1978), and further information "need not be admissible in evidence to be discoverable" FRCP 26.

32- Although Federal Rule of Civil Procedure 45(a)(4) requires that a copy of a subpoena for documents or inspection be served on each party in the case before it is served on the person commanded, Plaintiff inadvertently overlooked this requirement prior to initially serving the subpoena on the movants. Upon realizing the oversight, Plaintiff promptly served copies on all parties, thereby substantially complying with the rule's notice-and-objection purpose. This minimal delay occasions no prejudice to any party, as the

subpoena seeks only document, which are critical to the Plaintiff's case. Further subpoena recipients were itself parties to this action prior to voluntary dismissal—meaning it had full prior notice of all relevant facts and proceedings such that no surprise or undue burden results. Courts routinely excuse technical non-compliance under Rule 45 where, as here, there is substantial compliance, no prejudice, and good cause, and the subpoena should therefore be permitted to proceed.

33- **Wherefore** Plaintiff prays that Court deny Southbound Properties and Chadhry's motion to quash Subpoena.

*/ S / Zafar Sheikh*
Zafar Sheikh/Plaintiff
4619 Herzog Street,
Austin. TX. 78723.
Zafarsheikh313@aol.com
847-414-9670

**NOTICE OF MOTION & PROOF OF SERVICE**

I, Zafar Sheikh, a Plaintiff in this cause, do hereby certify under oath that I have filed this motion on the 19th of April, 2026 and at the same day served a copy on the following attorneys of record thru the Courts electronic ECF system.
Dan Garbis
Anthony Zac
Konstantine Sparagus

*/ S / Zafar Sheikh*
Zafar Sheikh/Plaintiff
4619 Herzog Street,
Austin. TX. 78723
Zafarsheikh313@aol.com
847-414-9670