BC

FILED
4/17/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

MEN

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | | |
|---|---|---|
| **Zafar Sheikh** | ) | |
| **Plaintiff** | ) | |
| **vs.** | ) | **Case No. 1:24-cv-00658** |
| **Bashir Chaudry, Bushra Naseer, Junaid Ahmad, Ali Chaudry, Rabia Chaudry, Shamaila Rafiq, Amjad Chaudry Syed Jahantab, South Chicago One Inc.** | ) | **Hon. Judge Martha Pacold** |
| | ) | **Magistrate Judge Mclaughlin** |

**PLAINTIFFS' MOTION FOR SANCTIONS RELATING TO DEFENDANT SHAMAILA RAFIQ'S RULE 30 DEPOSITION**

Pursuant to Federal Rules of Civil Procedure 30(d)(2) and Rule 37, the plaintiff Zafar Sheikh moves for sanctions against the defendant Shamaila Rafiq and her counsel Dan Garbis for repeated misconduct by defense counsel and the witness at the deposition of Rafiq taken by the Plaintiff on 4/13/2026. In the course of a little over forty minutes, defense counsel issued speaking objections and directed the witness not to answer questions a dozen times. Dan Garbis committed many other acts of deposition obstruction in violation of the rules set for deposition procedures. Garbis baselessly accused plaintiff of trying to confuse the witness, while a question was pending and tried to coach the witness to claim memory lapses. Garbis was reminded by the Plaintiff that his conduct was improper but he kept doing it. Dan Garbis is an experienced, seasoned attorney who according to the ARDC has been practicing law for the last 28 years and

it is presumed that he is well aware or should be well aware of the Federal Rules of Civil Procedures and in particular, the requirements imposed by Rule 30. Garbis would also have to know that FRCP Rule 30(d)(2) provides Sanctions for violations of this rule and states that a court may impose an appropriate sanction—including reasonable expenses and attorney's fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent."

**DEPONENT APPEARED AT THE DEPOSITION UNPREPARED**

Under the rules counsel has to make sure that the deponent, whenever he/she appears at the deposition is well prepared for the topics as well as the allegations in the complaint pending against the witness. Main purpose of deposing the witness is to ask the witness about the conduct that the witness is alleged to have undertaken in the case pending against her. Since the witness is not supposed to know the law, it is the responsibility of the counsel to prepare the witness for the examination. The counsel should go over the allegations in the complaint and the topics which are supposed to be brought up at the deposition and the expected line of questioning. Among many additional instances of rule-breaking conduct at this deposition, one early example is set out here to give the court a flavor for the obstructive tone set at the start which continued throughout much of the deposition of defendant Rafiq.

In one instance when the deponent who was asked questions about the ownership and the fraudulent transfer of the gas station, which supposedly is owned 50/50 by the debtor Chaudry and Rafiq, witness answered as follows:

Q: Do you own the gas station personally: A: yes (whereas it is owned by a corporation)

Q: What is the address of the gas station: A: I don't recall but it's on the south side.

Q: When was the South Chicago One Inc. established: A: I don't know. My husband knows. (South Chicago Inc. is corporate entity under which the gas station operates)

Q: Who signs the checks for the business: A: I don't know, my husband knows.

Q: Which vendor supplies gasoline to the gas station: A: I don't know, my husband knows.

**GARBIS FAILED TO FORWARD RAFIQ THE EXHIBITS PLAINTIFF SENT**

Prior to the deposition Plaintiff emailed two exhibits to Attorney Garbis, on which the Plaintiff wanted the deponent to answer some questions. When Plaintiff started the line of questioning on the exhibits, the witness Rafiq stated that she does not have the exhibits as Garbis had failed to forward her the exhibits. To which Garbis responded by stating that he did not have enough time to forward her the exhibits. Plaintiff had emailed the exhibits to Garbis at 9:48 that day for a 12:00 deposition, and all Garbis had to do was to email the exhibits to Rafiq, but he did not. At that point in deposition, Plaintiff offered to stop the deposition for five to ten minutes, so Garbis could email the Exhibits to Rafiq, so Rafiq had an opportunity to look over at the exhibits, but Garbis refused. Having no exhibits frustrated and obstructed the questions that Plaintiff wanted to ask the witness.

**GARBIS CONSISTENTLY COACHED THE WITNESS AND INTRUPPTED AT DEPOSITION WHEN A KEY QUESTION WAS BEING ASNWERD BY RARIQ**

During the examination, in answer to a key point which relates to the ownership of the gas station or its transfer by Shamaila, the line of questioning and Garbis' involvement is as follows:

Plaintiff: who owns the gas station:

Rafiq: I own the gas station.

Plaintiff: when did you purchase it.

Rafiq: we purchased it from Bashir (debtor Bashir Chaudry) in 2012 or 2013 ……

Right at that moment Attorney Dan Garbis snapped. There is no purchase, what are you taking about, nobody purchased anything. And stopped Rafiq from answering further.

Garbis's repeated interference and disruptions had been so frequent during the deposition, that at one point Plaintiff reminded him, "Mr. Garbis, I am not here for your deposition, I am supposed to be deposing your client Shamaila and not you".

**GARBIS REPEATEDLY COACHED THE WITNESS TO SAY "I DON'T REMEMBER"**

During the deposition on many occasions when Plaintiff asked Rafiq a question, and Rafiq started to think or supposed to be gathering her memory, Garbis coached her as , "If you don't remember, just say you don't remember". Plaintiff's many questions went unanswered as at Attorney Garbis' coaching, the witness responded on numerous occasions, "I don't remember".

**DEPOSITION REVEALED ADDITIONAL DISCOVERY MISCONDUCT AS GARBIS IS WITHHOLDING KEY DOCUMENTS AS WITNESS TESTIFIED HAVE BEEN HANDED OVER TO GARBIS**

Deposition of Rafiq further revealed that Attorney Garbis was withholding key documents that witness Rafiq testified had already been handed over by her to her attorney Garbis. Plaintiff questioned Rafiq as to why certain documents asked to be produced in "Plaintiff's Request to Produce", had not been produced, to which Rafiq disclosed that those documents had already been given by her to her Attorney Garbis. One of the key document Plaintiff had asked to be produced in his request for production of documents to Rafiq was to provide the copy of the lease under which Rafiq and debtor Chaudry were running the gas station. In answer to that question, Rafiq who was under oath, testified that **"copy of the lease had been given to her attorney Garbis".** Asked why it was not handed over to the Plaintiff, to which she responded, "ask that to my attorney".

**THE RULE REQUIRES DEPOSITION Q & A TO BE CONDUCTED "AS AT TRIAL"**

Another basic rule of deposition conduct is contained in the first sentence of Rule 30(c): (1) Examination and Cross-Examination. The examination and cross-examination of a deponent is to proceed as they would at trial under the provisions of Federal Rules of Evidence. Courts interpreting the federal Rule 30(c) point out that conduct that would be obviously off-limits at trial is also improper at a deposition. Thus, even before one reads the specific ban on "suggestive" objections in Rule 30(c)(2) – "An objection must be stated concisely in a non-argumentative and non-suggestive manner" – it is plain from Rule 30(c)(1) that a lawyer is not permitted in the middle of a deposition to coach a witness, suggest answers, or memory lapses or rule on his/her own objections.

**REPEATED VIOLATIONS OF RULES FOR DEPOSITION CONDUCT ALSO VIOLATE RULES OF PROFESSIONAL CONDUCT**

At least three ethical rules of ABA as well as local rules enforced in Northern District of Illinois governing attorney conduct apply to depositions. They are excerpted below with relevant portions.3.4 Fairness to Opposing Party and Counsel: A lawyer shall not: (a) Obstruct another party's access to evidence or alter, destroy, or conceal evidence, or counsel or assist another person to do so, if the lawyer reasonably should know that the evidence is or may be the subject of discovery or subpoena in any pending or imminent proceeding. … (b) Knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists; (c) Engage in conduct that seriously interferes with the administration of justice.

The Courts interpret these rules as being an advocate's function and duty to present evidence and argument so that the cause may be decided according to law. Refraining from abusive or obstreperous conduct is a corollary of the advocate's right to speak on behalf of litigants.

**COURT IS APPRISED THAT GARBIS CANCELLED AN EARLIER RAFIQ DEPOSITION AFTER CONFIRMING IT, COSTING PLAINTIFF REPORTER FEES**

Plaintiff would like to point out that prior to this, Plaintiff sent in a "Notice of Deposition" to Garbis for Rafiq's deposition weeks in advance, to be held on 4/7/2026 at 12:00 noon. Plaintiff responded by agreeing to that date and time, and upon such confirmation being received, the Plaintiff who had already scheduled a deposition, re-confirmed the deposition of Rafiq with the court reporter. But after the deposition had been confirmed, Garbis sent a terse email notifying the Plaintiff that the witness is not available and new date and time should be set for the deposition. This cost the Plaintiff Court Reporter's booking fee for that appointment.

**ATTORNEY GARBIS SHOULD BE PERSONALLY ADMONISHED**

The many dozens of violations of the discovery rules, including withholding of documents already handed over to Attorney Garbis by Rafiq, filing of disclosures almost six months after they were due, and Counsels conduct in the deposition here, warrants a specific admonition to Attorney Garbis. The rules have been in place for a long time. It is not within the bounds of zealous advocacy to repeatedly break the rules especially when the rules ought to be known by Garbis. Only an admonition that makes findings of fact about the impropriety of the conduct and that cites to the rules violated will help ensure this doesn't happen again. The court should impose monetary sanctions. The extent of such sanctions is up to the court. Since Attorney Garabis' lead on obstructing answers in the deposition as well as withholding of documents that Rafiq stated under oath had already been given to Garbis, still withheld by Garbis, the court should impose sanctions under Rule 37. Since witness is not supposed to know the rules, Attorney Garbis is the one who should have known the rules for depositions and discovery, and advised his client accordingly.

## LEGAL STANDARDS

Depositions are one of the most valuable tools in discovery. They are also, unfortunately, often impeded by the unacceptable conduct of witnesses and their counsels. The Courts consider any effort to obstruct a deposition—through, for example, making speaking objections, giving improper instructions not to answer, or coaching the witness—as an attempt to undermine the truth-seeking function of litigation and deal with such conduct firmly. As Court stated in Hal Commodity Cycles Mgmt. Co. V. Kirsh, 825 F 2d. 1136, 1139 (7th Circuit 1987), Litigation is not "a contest to see how much trouble you can cause your opponents. Those who treat it as such do so at their peril."

## RELIEF REQUESTED

In the circumstances as described above, the Plaintiff prays that the Court:

A: Sanction defendant Rafiq and her attorney Garbis and order them to pay for plaintiff's time spent and costs incurred in deposition held along with the costs of the transcripts.

B: Order Rafiq to appear for another deposition, and at that deposition, come fully prepared by going over all documents that concern the gas station ownership dispute, and its fraudulent transfer, and answer each question relevant to the allegations raised in Plaintiff's complaint.

C: Order that attorney Garbis handover all documents, including the lease of the gas station which has already been turned over to him by defendant Rafiq.

D: Impose sanctions for withholding documents handed over by Rafiq and withheld by attorney Garbis. Since this is a serious infraction, Court has the inherent power to issue an order of default against Rafiq.

*/ S / Zafar Sheikh*
Zafar Sheikh/Plaintiff
4619 Herzog Street
Austin. TX. 78723.
Zafarsheikh313@aol.com
847-414-9670

**NOTICE OF MOTION & PROOF OF SERVICE**

I, Zafar Sheikh, Plaintiff in this cause, do hereby certify under oath and under the penalty of perjury that I have filed the attached motion for sanctions for violations of Rule 30 of FRCP on the 17th of April, 2026. A copy of this motion is being served upon: Dan Garbis and Anthony Zac thru the Court's electronic ECF system on the same day.

*/ S / Zafar Sheikh*
Zafar Sheikh/Plaintiff
4619 Herzog Street
Austin. TX. 78723.
Zafarsheikh313@aol.com
847-414-9670