**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS – EASTERN DVISION**

| | | |
|---|---|---|
| Zafar Sheikh, | ) | Case No.: 24−cv−658 |
| | ) | |
| Plaintiff, | ) | Hon. Judge Martha Pacold |
| | ) | |
| v. | ) | Magistrate Judge Daniel P. McLaughlin |
| | ) | |
| Bashir Chaudry, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RESPONSE TO MOTION FOR SANCTIONS**

NOW COMES Defendant, Shamaila Rafiq ("Defendant"), by and through her attorneys, Dan Garbis and The Garbis Law Firm, LLC, and responds to the Motion for Sanctions filed by Plaintiff, Zafar Sheikh ("Plaintiff") on May 8, 2024. In support of her Response, Defendant states:

1. On January 25, 2024, Plaintiff filed a complaint against Defendant seeking damages pursuant to various alleged fraudulent transfers made by Bashir Chaudry ("Bashir") and Bushra Naseer ("Naseer") to Defendant that are based on the wild assumptions of Plaintiff.

2. Plaintiff cannot support any of the claims against Defendant with his own independent evidence or factual support. As such, Plaintiff is now using the discovery process with the hopes of uncovering some factual support to "prove" his wild assumptions that Bashir and Naseer fraudulently transferred assets to Defendant.

3. Defendant has responded to Plaintiff's discovery requests and provided all of the relevant documents. As can be clearly seen from the documents, neither Bashir nor Naseer are receiving any compensation from Defendant or any of her entities. Moreover, Defendant has not received any funds from Bashir or Naseer.

4. Since Plaintiff did not uncover any evidence to support his wild assumptions of fraudulent transfers, Plaintiff deposed Defendant and started asking questions on irrelevant topics as well as questions that Defendant did not have any personal knowledge. Plaintiff was merely harassing Defendant and attempting to coerce Defendant to provide answers to questions to which she did not possess any personal knowledge. Plaintiff was engaging in a clear case of a fishing expedition.

5. In the deposition and in this matter in general, Plaintiff consistently has pointed to a document that is over 15 years old and pre-dates his 2017 judgment against Bashir and Naseer to somehow show Defendant is in business with either Bashir and/or Naseer. However, even if that document is taken at face value, there is no indication that either Bashir or Naseer are still partners with Defendant in any business.

6. As for the erroneous claims made in Plaintiff's Motion for Sanction that Defendant was being coached by her counsel and that the behavior of Defendant's counsel was improper, the exact opposite is true. Plaintiff was trying to intimidate Defendant to answer questions that were legally difficult for a lay person to understand, such as the example that Plaintiff used in his Motion for Sanction: "Do you own the gas station personally: A: yes". It is rather obvious to both Plaintiff and Defendants' counsel that the gas station was owned by a corporation and that Defendant owned the shares of said corporation. Yet Plaintiff was purposely asking questions where the legal form of ownership is not in dispute in a blatant attempt to get Defendant to answer erroneously for a "gotcha" moment. This was a disingenuous attempt to make Defendant misrepresent facts, even though it was clear that Defendant did not understand the legal form of the ownership of said gas station business.

7. Plaintiff was consistently asking Defendant questions where Defendant had no personal knowledge. As can be clearly seen from the deposition transcript, Plaintiff was attempting to make Defendant answer a question in the affirmative or in the negative, even though it was clear that Defendant did not know one way or the other. Defendant's counsel merely reminded Defendant that if she did not know the answer, she was well within her rights to say "I don't know" or "I don't remember".

8. Plaintiff also claims that Defendant was unprepared as to the two documents that he was introducing to her during her deposition. It should be noted that Plaintiff did not provide said documents to Defendant and her counsel for review until the morning of the deposition. Unlike Plaintiff who is retired and can solely focus on this matter entirely, Defendant's counsel has other matters and clients to represent. Plaintiff cannot expect to have these documents emailed hours before a deposition and assume that Defendant and her counsel would have had time to review them. Plaintiff was well aware of the scheduled deposition weeks in advance. If Plaintiff wanted to ensure that Defendant and her counsel would have had ample time to review the documents, Plaintiffs should have sent them at least a few days earlier than the scheduled deposition date. Instead, Plaintiff wanted to ambush Defendant and then act outraged that Defendant was unprepared for her deposition.

9. Plaintiff also makes the false claims that Defendant's counsel did not provide Plaintiff with a lease during the document production of this matter on purpose in order to withhold relevant documents. This was yet another examples of Plaintiff trying to confuse Defendant with another one of those "gotcha" moments where Defendant mistakenly believed that she had a copy of the lease. Defendant has not produced any leases, because she does not have a copy of the written lease that her entity had with the landlord. Moreover, the written lease was for a

period at least from five years ago and this Court has already ruled on Plaintiff's motion to compel regarding this issue. In essence, Plaintiff was attempting to circumvent this Court's prior ruling by asking Defendant about a lease and confusing Defendant into thinking she had produced it. Simply put, Defendant does not have this lease and has never produced it her counsel. In addition to the foregoing, Defendant executed an affidavit of completeness regarding her document production.

10. As with his underlying fraudulent conveyance claims, Plaintiff is making a desperate, futile attempt to find some reason to show that there is something nefarious happening to him. Rather than accept the reality that there were no fraudulent transfers, Plaintiff is now claiming that Defendant's counsel is somehow "coaching" Defendant to hide facts and hide documents. Quite the contrary, Defendant answered truthfully and honestly and provided every document that she had that responsive to the requests for documents. Plaintiff insisted on having Defendant answer questions that she did not personally know. Defendant's counsel merely reminded Defendant to answer the questions truthfully and not guess at an answer.

11. In his Motion, Plaintiff has also misrepresented that Defendant cancelled the originally planned deposition at the last minute. Defendant's deposition was originally scheduled for March 30, 2026. It should be noted that the originally scheduled deposition did not have the requisite proper notice of 21 days. On afternoon of March 27, 2026, Defendant's counsel emailed Plaintiff and advised him that Defendant had just returned from a pilgrimage and fell ill and would not be able to sit for her deposition on March 30, 2026. At that point, Plaintiff emailed Defendant's counsel on March 28, 2026 to reconsider and Defendant's counsel responded on March 29, 2026 reconfirming that Defendant could not attend her deposition.

Attached hereto as Exhibit "A" is a printout of the email exchange between Plaintiff and Defendant's counsel.

12. As can be clearly seen from the email exchange, Plaintiff received notice well in advance that Defendant could not attend her originally scheduled deposition. It was not last minute as Plaintiff alleges. Plaintiff is once again trying to reconfigure normal conduct and behavior that occurs during the discovery process of all litigation as some inappropriate conduct that needs to be sanctioned.

13. In summary, Plaintiff is attempting to circumvent earlier rulings from this Court that closed written discovery by claiming that Defendant's counsel is somehow withholding documents and hiding relevant facts. Aside from the fact that Defendant is not withholding any documents, the lease that Defendant is seeking is completely irrelevant to his underlying claims. The entire matter, including this discovery process and the deposition itself, has been an endless fishing expedition by Plaintiff. As such, Plaintiff's Motion for Sanctions should be denied.

WHEREFORE, Defendant, Shamaila Rafiq, pray that this Honorable Court deny Plaintiff's Motion for Sanctions and such additional relief this Court deems just.

Respectfully Submitted,
Shamaila Rafiq

By: /s/ Dan E. Garbis
Attorney for Defendant

Dan E. Garbis
The Garbis Law Firm, LLC
7330 North Cicero Avenue
Lincolnwood, Illinois 60712
(847) 982-9518
ARDC No. 6257303
dgarbis@garbislawfirm.com

Outlook

## Re: Deposition Notice Shamaila Rafiq

**From** zafar sheikh <zafarsheikh313@aol.com>
**Date** Sun 3/29/2026 6:26 PM
**To** dgarbis garbislawfirm.com <dgarbis@garbislawfirm.com>

Can we bring in Rabia at 12 instead of 2:30

On Sunday, March 29, 2026 at 05:02:32 PM CDT, dgarbis garbislawfirm.com <dgarbis@garbislawfirm.com> wrote:

> 1. It was not weeks ago. You tried to schedule something in 8 days. The standard is 21 days' notice.
> 2. ) She just came back from a pilgrimage and fell ill.
> 3. Are you discriminating against my client because of her religion?
>
> Dan E. Garbis
> The Garbis Law Firm, LLC
> 7330 N. Cicero Ave.
> Lincolnwood, Illinois 60712
> Tel. (847) 982-9518
> Fax (847) 982-9517
> Cell (773) 456-4095
> dgarbis@garbislawfirm.com
>
> ---
>
> **From:** zafar sheikh <zafarsheikh313@aol.com>
> **Sent:** Saturday, March 28, 2026 5:36 PM
> **To:** dgarbis garbislawfirm.com <dgarbis@garbislawfirm.com>
> **Cc:** az@zaclawpc.com <az@zaclawpc.com>
> **Subject:** Re: Deposition Notice Shamaila Rafiq
>
> Dan:
>
> <u>Deposition in 24-CV-00658</u>
>
> Shamaila and Rabia depositions were scheduled weeks ago,

and you are telling
me on Friday afternoon that shamaila cannot attend. The court reporter is not going to
re-schedule now. You should have notified me earlier.
Since this is a Zoom deposition, she can appear and be deposed.
I will have to notify Judge McLaughlin.

Zafar

On Friday, March 27, 2026 at 03:34:01 PM CDT, dgarbis garbislawfirm.com <dgarbis@garbislawfirm.com> wrote:

Zafar,

My client Shamaila Rafiq is unable to attend her deposition on Monday. She is ill. We will need to reschedule.

Thanks,

Dan

Dan E. Garbis
The Garbis Law Firm, LLC
7330 N. Cicero Ave.
Lincolnwood, Illinois 60712
Tel. (847) 982-9518
Fax (847) 982-9517
Cell (773) 456-4095
dgarbis@garbislawfirm.com

---

**From:** zafar sheikh <zafarsheikh313@aol.com>
**Sent:** Wednesday, March 18, 2026 9:50 AM
**To:** dgarbis garbislawfirm.com <dgarbis@garbislawfirm.com>
**Cc:** az@zaclawpc.com <az@zaclawpc.com>
**Subject:** Deposition Notice Shamaila Rafiq

Please find enclosed Notice of Deposition of Shamaila Rafiq.