BC

FILED
6/2/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

GMC

**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | | |
|---|---|---|
| **Zafar Sheikh** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| ***vs.*** | ) | **Case No. 1:24-cv-00658** |
| | ) | |
| **Bashir Chaudry, Bushra Naseer, Junaid** | ) | |
| | ) | |
| **Ahmad, Ali Chaudry, Rabia Chaudry,** | ) | **Hon. Judge Martha Pacold** |
| | ) | |
| **Shamaila Rafiq, Amjad Chaudry** | ) | |
| | ) | |
| **Syed Jahantab, South Chicago One Inc.** | ) | **Magistrate Judge** |
| | ) | **Mclaughlin** |
| **BCA Investments Inc., Congress & Pulaski** | ) | |
| | ) | |
| **Real Estate LLC.,** | ) | |
| | ) | |

**PLAINTIFF'S REPLY IN SUPPORT OF SANCTIONS AGAINST**

**ATTORNEY DAN GARBIS & SHAMAILA RAFIQ &**

**REQUEST TO HOLD EVIDENTIARY HEARINGS**

Plaintiff, Zafar Sheik, respectfully submits this reply to defendant response of his Motion for Sanctions against Defendant Shamaila and her counsel Dan Garbis for improper conduct during deposition and request to hold evidentiary hearings. The Court should grant the Motion because defense counsel repeatedly interrupted the examination, made speaking objections, and coached the witness in a manner that impeded the deposition.

**Garbis's Response Looks More Like a 12(b)(6) Motion to Dismiss**

**& Completely Ignores the Governing Legal Standards**

1-Defendant Rafiq and his Counsel Dan Garbis's response improperly fixates on the purported merits of Plaintiff's claims and dismisses discovery as a "fishing expedition." That argument is

both misplaced and irrelevant. The motion presently before the Court does not concern the substantive validity of Plaintiff's claims; it concerns defense counsel Dan Garibis and defendant Shamaila Rafiq's conduct during the deposition. Attorney Garbis' reply reads less like a response to violations of federal rules pertaining to discovery depositions and more like an attempted motion to dismiss under Rule 12(b)(6), as it repeatedly attacks the sufficiency of the Plaintiff's complaint rather than addressing the conduct at issue. This tactic is improper and does not engage with the actual subject of the motion.

2- The issue before the Court is narrow and procedural: whether Attorney Garbis violated governing discovery rules during the deposition. Plaintiff's motion addressed counsel's conduct in the application—and violation—of discovery procedures as established by the Federal Rules of Civil Procedure and the Local Rules of the Northern District of Illinois. Efforts to reframe the dispute as a merits-based challenge are a transparent distraction and should be disregarded.

**Governing Standards**

**3-** Federal Rule of Civil Procedure 30(c)(2) requires deposition objections to be stated concisely and in a non-argumentative, nonsuggestive manner. The Rule further permits instructions not to answer only to preserve a privilege, to enforce a limitation ordered by the Court, or to present a motion under Rule 30(d). Rule 30(d)(2) authorizes the Court to impose sanctions on a person who "impedes, delays, or frustrates the fair examination of the deponent." The Northern District of Illinois recognizes that obstructive deposition conduct, including speaking objections, improper instructions not to answer, and other interference, may justify relief and sanctions. The Seventh Circuit has also condemned deposition conduct that interferes with the fair taking of testimony. In *Redwood v. Dobson*, the court criticized obstructive deposition tactics and made clear that counsel may not use the deposition process as a platform for coaching and interruption.

**<u>Attorney Garbis Improperly Interrupted the Deposition's CORE QUESTION</u>**

4- This case concerns an alleged fraudulent transfer of a gas station from the debtor Chaudry to Defendant Shamaila. The key factual issue is when Defendant Shamaila purchased, acquired, or otherwise received the gas station from the debtor and how much money was paid to the debtor Chaudry. When Plaintiff asked Defendant when and from whom she purchased the gas station, and the witness had barely uttered the name of the debtor, (Bashir), stating she purchased it from Bashir (Chaudry), that Attorney Garbis instantaneously interrupted and disrupted the examination, stating in substance that nobody purchased anything, asking **"what are you saying,"** and asserting "**that there was no purchase".** That was not a permissible form of objection. It was a substantive interruption that cut off a central & core question before the witness could proceed and answer Plaintiff's follow up questions which could have spilled the beans and provided the key evidence the Plaintiff seeks to prevail in this case. The question was not collateral. It went to the heart of Plaintiff's fraudulent transfer claim. Defense counsel's interruption therefore did not merely clarify the record; it obstructed Plaintiff's examination on the core issue in the case.

**<u>The Record Reflects Coaching and Speaking Objections</u>**

5- Attorney Garbis' attempts to re-characterize counsel's conduct as a benign reminder that the witness could answer "I don't know" or "I don't remember" is self serving. That explanation does not cure the conduct at issue. Counsel repeatedly interjected during questioning, reframed Plaintiff's inquiries, and steered the witness away from direct answers. On multiple occasions Plaintiff had to remind Garbis that it is defendant Shamaila Rafiq's and not your deposition. Rule 30 does not allow counsel to use speaking objections or commentary to influence the witness's testimony. A lawyer may object concisely to form, privilege, or on other recognized grounds, but

may not take over the examination through interruptions and coaching. A brief sampling of the interaction during the deposition, along with a complete copy of the deposition is attached for Court's consideration as **Exhibit A.**

- Regarding questions about the ownership of the gas station, starting from page 14 of the deposition, line 11-24 and page 15 lines 1-10, Attorney Garbis interjected and instead of the deponent answering the questions about the ownership of the business, replies on witness' behalf in great length.
- When the Plaintiff asked the deponent to clarify the ownership structure, Attorney Garbis interjected and told the witness not to answer the question and from there answered on witnesses behalf as to the ownership structure. (Deposition page 16, lines 9-24 and page 16, lines 1-13).
- When the Plaintiff asked the witness from whom did she purchase the business from and upon her answering that it was purchased from the debtor Bashir Chaudry, Attorney Garbis continued to raise frivolous objections and snapped, saying he objects to this question and stating, **"She didn't purchase anything, She doesn't own anything in her name, ask another question".** When the Plaintiff re-started his question as to the last name of the seller from whom she purchased the business, Attorney Garbis interjected and commanded the witness in a loud high pitched voice, **"Shmaila, Shamaila, you didn't purchase anything personally, Do not answer these questions".** Exhibit A: Page 18, lines 8-24 & page 19, lines 1-10.
- When Plaintiff asked deponent the last name from whom the witness purchased the gas station, again Attorney Garbis inserted himself as if he was being asked the question, stating, **"she didn't purchase anything in her name. How many times do we have to**

**say this? She didn't purchase anything in her name. The paperwork is perfectly showing South Chicago One purchased something from somebody else. No persons were involved. No Bashir Chaudry and no Shamaila Rafiq. It was two corporations. Ask the proper questions. You are trying to confuse my client".** (Page 19, line 23-24, page 20, lines 1-18).

- After making the statement on the witness's behalf and fully coaching deponent, Attorney Garbis stated, **"I am going to ask the question that you should have asked. Ms. Shamaila Rafiq, did you personally purchase anything in your name? to which the witness replied, "No".** (Exhibit A: Page 20, line 24 and page 21 lines 1-4).
- After the above exchange, the Plaintiff asked the witness, "so your corporation purchased it" to which Attorney Garbis again interjected coaching the witness to say, "If you don't know Shamaila, say you don't know". Witness having been coached to say I don't know dutifully stated, "I don't know, ask my attorney". Plaintiff at that stage reminded the witness that I cannot ask your attorney as it is your deposition, to which Attorney Garbis interjected once again, **"That's her answer. She doesn't know. Move on" (Exhibit A: Page 21, lines 7-24).**
- Plaintiff proceeded to ask the witness as to whom did she purchase the business from, to which Garbis again interjected by saying, **"If she doesn't know, she doesn't know"** and being coached to say, I don't know, witness dutifully stated, "I don't know, you can ask my attorney". (Exhibit A: Page 22, lines 3-10).
- In answer to another question as to if the gas station was in the name of the corporation, the witness who by now had been encouraged to say, 'I don't know' continued to reply,

**"I don't know, ask my attorney, I don't know anything about it"** (Exhibit A: Page 23, lines 20-24).

- Having been frustrated, the Plaintiff addressed Mr. Garbis stating that since the witness is stating repeatedly "ask my attorney, then should I depose you" instead. To which Attorney Garbis replied sarcastically, "That's her answer". Plaintiff warned Garbis that if the witness keeps saying I don't know, we will have to go back to court, to which Garbis responded, **"Do what you got to do".** (Exhibit A: Page 24, lines 1-16).
- When Plaintiff asked the witness whether the gas station property was in the name of the corporation, to which Shamaila replied by saying, "I think my attorney has all the information, you can ask him". Plaintiff asked Shamaila if she will answer the question as to the ownership of the property, to which she responded by saying, **"No. Some questions I don't want to answer, so I don't know".** Attorney Garbis at that point also chimed in and said, **"answer it if you don't know, say you don't know. That is the key**". (Exhibit A: Page 25, lines 20-24 & page 26, lines 1-9).
- Apart from the above, the Witness stated at least 14 times, "**I don't know, you can ask my attorney".** The deposition pages stating "ask my attorney" are identified underneath along with the line numbers:

| | |
|---|---|
| Page 7: | Line 7-10 |
| Page 15: | Line 14-15 |
| Page 16: | Line 5-6 |
| Page 17: | Line 17-18 |
| Page 22: | Line 9-10 |
| Page 22: | Line 23-24 |
| Page 23: | Line 23-24 |
| Page 25: | Line 11-12 |
| Page 28: | Line 23-24 |
| Page 32: | Line 3-4 |
| Page 36: | Line 3-4 |

Page 37: Line 21-22
Page 38: Line 13
Page 38: Line 22

6- The interaction at the deposition of the witness Shamaila Rafiq demonstrated that Attorney Garbis had carefully coached her to either say "I don't know" or if it's a difficult question meant to reveal critical information just say, "Ask my attorney, he knows". This is despite the fact that the Plaintiff reminded the witness at least four times during the deposition that "This is your deposition, I cannot ask your attorney anything".

7- Other than reminding the witness that it was her deposition, Plaintiff also had to caution Attorney Garbis numerous times not to interfere and coach the witness "as it was not yours but your client's deposition".

**<u>Withholding Copies of Lease by Mr. Garbis Demonstrates the Need for Relief</u>**

8- During deposition, Plaintiff enquired about the production of the lease for the gas station, since Attorney Garbis had refused to provide it. During questioning Shamaila stated that she had given a copy of the lease to Garbis and told Plaintiff, **"Under the corporation name I signed the lease. So ask my attorney because he has all the documents" (Deposition: Exhibit A: page 40, lines 2-5).** That testimony is highly significant. It shows that the witness provided among other documents, a copy of the lease to Attorney Dan Garbis, who despite having it in his possession, decided to hold on to the lease. It also underscores the obstruction Plaintiff faced: instead of producing the document or answering the question directly, counsel blocked the flow of testimony while the witness herself pointed back to counsel. Plaintiff was entitled to explore the lease, the acquisition, and the circumstances surrounding the alleged transfer. Garbis's refusal to provide the document, combined with the witness's statement that the document had been given to counsel, confirms that Plaintiff's deposition questions were proper and necessary.

**Defendant's Merits Arguments Are Irrelevant**

9- Attorney Garbis devotes much of his response to attacking Plaintiff's claims as speculative, unsupported, or based on irrelevant documents. Those contentions seem more like part of a Rule 12 (b) (6) motion rather than a response to a sanctions motion for violations of Rule 30 and entirely fails to answer the sanctions motion. The issue before the Court is not whether Plaintiff will ultimately prevail on the merits. The issue is whether defense counsel complied with Rule 30 during a sworn deposition. Even if Defendant disputes the merits of the underlying fraudulent transfer claims, counsel still was required to preserve objections in the manner the Rules permit and refrain from interrupting, coaching, and obstructing the examination.

**Attorney Garbis Has a History of Disregarding and Flouting Court Orders and Rules**

10- Plaintiff respectfully submits that Attorney Garbis's conduct reflects a persistent and flagrant disregard for this Court's authority. Despite three separate Court orders, counsel failed to comply and only belatedly filed the Rule 26 disclosures and status report after this Court issued a stern warning, by which point those filings were already approximately nine months overdue (Dkt. 237, 238). That is not mere oversight; it is a pattern of dilatory and contemptuous conduct that has needlessly delayed this case and burdened both the Court and Plaintiff. Sanctions are plainly warranted where Attorneys act in bad faith, unreasonably multiplies proceedings, or persistently disregards court orders. See **Bala v. Commonwealth of Pa.**, 532 F.3d 597, 621-22 (7th Cir. 2008); **Carr v. Tillery**, 591 F.3d 909, 920-21 (7th Cir. 2010); **Sanchez v. City of Chicago**, 880 F.3d 349, 360-61 (7th Cir. 2018).

**SANCTIONS ARE WARRANTED TO INHIBIT SUCH MISCONDUCT BY GARBIS IN FUTURE**

11- Federal Rule of Civil Procedure 30(d)(2) authorizes the Court to impose sanctions on any person who "impedes, delays, or frustrates the fair examination of the deponent." Consistent with that principle, counsel is not permitted to actively interfere with the examination. An attorney may instruct a deponent not to answer only in limited circumstances: to preserve a privilege, to enforce a court-ordered limitation, or to present a motion to terminate or limit the deposition under Rule 30(d)(3). (see In re Stratosphere Corp. Sec. Litig., 182 F.R.D. 614, 618). While instructions not to answer are appropriate where necessary to protect privilege, they are improper in most other situations.

12- Even where the questioning is objectionable or conducted improperly, counsel may not direct a witness to remain silent. [Redwood v. Dobson, 476 F.3d 462, 467–68 (7th Cir. 2007).] The proper course is to allow the testimony to proceed and, if necessary, suspend the deposition to seek a protective order under Rule 26(c). Id.; Fed. R. Civ. P. 30(d)(3). A protective order may be sought where a deposition is conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent. Fed. R. Civ. P. 30(d)(3). Attorney Garbis does not seem to imply such conduct, and even where a protective order is sought, or Court's intervention is invited, the counsel must certify that they have conferred or attempted to confer in good faith to resolve the dispute without court action. Fed. R. Civ. P. 26 (c) (1).

**COURT SHOULD HOLD EVIDENTIARY HEARINGS**

13- Plaintiff respectfully requests an evidentiary hearing on the motion for sanctions because the Attorney Garbis' misconduct occurred during deposition discovery and directly implicated the integrity of the examination. Under Rule 30, counsel may object for a limited purpose, but repeated interruptions, coaching, and interference are improper and frustrated the orderly taking of the deposition. Under Rule 37, the Court has authority to impose sanctions where discovery

conduct is obstructive, abusive, or prejudicial, and the record here supports that relief.

An evidentiary hearing is necessary so the Court can evaluate the conduct firsthand and assess the credibility of the witness and counsel involved. The deposition transcripts alone cannot fully capture tone, timing, persistence, or the effect of counsel's interruptions and or the witness's answers. Because the issues turn in significant part on credibility and the manner in which the deposition was conducted, live testimony will aid the Court in determining the full extent of the misconduct and the appropriate sanction.

## RELIEF REQUESTED

Plaintiff respectfully requests that the Court:

**A.** Set this matter for an evidentiary hearing and grant such further relief as the Court deems just and proper under Rules 30 and 37, because the deposition misconduct at issue cannot be fully or fairly resolved on the written record alone.

**B.** Order Defendants and/or their counsel to pay the reasonable costs associated with the deposition transcripts and court reporter fees incurred as a result of the misconduct.

**C.** Enter a default judgment against the witness, **Shamaila Rafiq**, based on the severity and outrageousness of counsel's conduct, to the extent the Court finds such relief is warranted and permissible under the governing rules and applicable law.

**D.** Grant such other and further relief as the Court deems just, equitable, and necessary to deter similar misconduct by Attorney Garbis and to preserve the integrity of discovery proceedings.

*/ S / Zafar Sheikh*
Zafar Sheikh/Plaintiff
4619 Herzog Street
Austin. TX. 78723.
Zafarsheikh313@aol.com
(847) 414-9670

**NOTICE OF FILING & PROOF OF SERVICE**

I, Zafar Sheikh do hereby certify under oath and under the penalty of perjury that I have filed the attached "Plaintiff's reply to defendant Rafiq's response to Plaintiff's motion for sanctions" on the 2nd of June 2026. A copy of which has been served on Attorney Dan Garbis and Attorney Anthony Zac on the same day and date via Court's electronic ECF system.

*/ S / Zafar Sheikh*
Zafar Sheikh/Plaintiff
4619 Herzog Street
Austin. TX. 78723.
Zafarsheikh313@aol.com
(847) 414-9670