**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois − CM/ECF NextGen 1.9 (rev. 1.9)**
**Eastern Division**

Zafar Sheikh

Plaintiff,

v.

Case No.: 1:24−cv−00658
Honorable Martha M. Pacold

Bashir Chaudry, et al.

Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Friday, September 25, 2026:

MINUTE entry before the Honorable Daniel P. McLaughlin: Plaintiff's motion to compel Defendant Naseer to appear for deposition and provide requested documents [263] is denied. Plaintiff's motion asks the Court to order Defendant Bushra Naseer to comply with Rule 45 subpoenas issued by Plaintiff on 4/15/26 [262] at 6−11. One subpoena seeks the production of documents, and the other ostensibly directs Defendant Naseer to appear for a remote deposition on 4/19/26 [262] at 8. Because an entry of default has been entered as to Defendant Naseer [54], Plaintiff issued Rule 45 subpoenas to seek information that would normally be obtained through discovery. "[O]n the side of caution [Plaintiff] this time served a Court subpoena asking Naseer to provide documents requested by the Plaintiff as well as asking Naseer to appear for a deposition." [263] at 2. The subpoena seeking documents directs Defendant Naseer to produce at a street address in Austin, Texas [262] at 6. Defendant Naseer was apparently served with the subpoena at an address in Lincolnwood, Illinois. Id. at 7. Defendant Naseer was also previously served with the complaint at the same address in Lincolnwood, Illinois [23]. The subpoena runs afoul of Rule 45(c)(2)(A), which allows for production of documents, ESI, or tangible things "at a place within 100 miles of where the person resides, is employed, or regularly transacts business." Austin, Texas is more than 1,100 miles from Lincolnwood, Illinois and, therefore, well beyond the geographical limitations contained in Rule 45. The subpoena seeking Defendant Naseer's deposition also runs afoul of Rules 30 and 45. Plaintiff's subpoena directs Defendant Naseer to appear for her deposition on 4/19/26 at 12 p.m. at "Chicago, Illinois, via Zoom." [262] at 8. Rule 30(b)(4) allows for remote depositions, but only when the parties agree and stipulate, or when the Court orders a remote deposition after considering a party's motion. Neither of those things happened here. Separately, Rule 45(a)(1)(iii) requires that the subpoena direct Defendant Naseer to appear and testify at her deposition at "a specified time and place." Plaintiff's indication that the deposition would proceed "via Zoom" fails to specify where, exactly, Defendant Naseer needed to appear for her deposition. "'Zoom videoconferencing' is not a 'place;' rather, it is a method of taking the deposition." Frobe v. UPMC St. Margaret, 20−CV−957, 2021 WL 9628848, *2 (W.D. Pa. Jul. 13, 2021). See also Coleman v. County of Kings, 24−CV−659, 2026 WL 1018672, *1 (E.D. Ca. Apr. 15, 2026)(collecting cases). As a result, Plaintiff's motion to compel to appear for deposition and provide requested documents [263] is denied. Mailed notice (maf)

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.